IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| D&Z AUCTION RESELLERS, LLC AND GUSTAVO A. MORENO PONCE<br><br>Plaintiffs<br><br>V.<br><br>MEDIA DATA CORPORATION, et als<br><br>Defendants | CIVIL NO. CIVIL 19-1242(WGY)<br><br>COPYRIGHT INFRINGEMENT<br><br>DIGITAL MILLENIUM ACT<br><br>COMPUTER FRAUD AND ABUSE |
|---|---|

**MOTION TO DISMISS PURSUANT TO RULES 12(B)(1) AND 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE BY FARMACIA LOS ANGELES DE ISABELA LLC, ISLOTE DRUG, INC, FARMACIA CUQUIMAR, INC. AND CARMEN REMIGIO KUILIAN Y PEDRO J. KUILAN MARRERO, DBA FARMACIA DORADO**

**TO THE HONORABLE COURT:**

COME NOW Farmacia Los Angeles de Isabela, Llc; Islote Drug, Inc; Farmacia Cuquimar, Inc.; Carmen Remigio Kuilian y Pedro J. Kuilan Marrero, DBA Farmacia Dorado, through their undersigned attorneys and very respectfully states, alleges and prays:

**I. INTRODUCTION**

1. The instant case is a federal question pursuant to 28 U.S.C. §§ 1131, 1338(a), 1338(b) and 17 U.S.C. § 501(b). Plaintiff's causes of action are for violations of three federal statutes, to wit, 17 U.S.C. § 1201, 18 U.S.C. § 1030(a)(4) and Federal Copyright law[1]. Hence, this Court lacks jurisdiction to entertain this action if the allegations do not give rise to a violation of said statutes. Movants will start with the standard of Rule 12 and the modern case law on averments in a complaint.

[1]Plaintiff has not specified in the complain which part of the Copyright statute the appearing defendants have violated.

## II. THE MOTION TO DISMISS 12(B)(1) STANDARD

2. When movant files a motion to dismiss for lack of subject matter jurisdiction by questioning the accuracy of those allegations, the District Court may conduct a factual inquiry, taking evidence and making findings of fact. See, *Hernández Santiago v. Ecolab, Inc.*, 397 F.3d 30, 33 (1st Cir. 2005). A Rule 12(b)(1) challenge "... most typically is employed when the movant believes that the claim asserted by the plaintiff does not involve federal question, and there is no diversity of citizenship between the parties . . ." Wright & Miller, Federal Practice and Procedure: Civil 3d ¶ 1350, at page 68. That is the situation at hand as will be discussed, *infra*.

## III. THE MOTION TO DISMISS 12(B)(6) STANDARD

3. When faced with a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept "as true all well-pleaded facts, analyzing those facts in the light most hospitable to the plaintiff's theory, and drawing all reasonable inferences for the plaintiff." See, *New York v. Amgen Inc.*, 652 F.3d 103, 109 (1st Cir. 2011)[2] and Dixon v. Wells Fargo Bank, N.A., 798 F. Supp. 2d 336, 339-40 (D. Mass. 2011). Moreover, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." See, *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009).

4. In a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) it is:

> [a] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true. (Internal

[2] Quoting *United States ex rel. Hutcheson v. Blackstone Med., Inc.*, 647 F.3d 377, 383 (1st Cir. 2011)).

citations omitted)[3].

5. *Twombly* was followed shortly by *Ashscroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). There, the Supreme Court clarified that the idea that the allegations of the complaint had to be taken as true did not apply to legal conclusions. "Threadbare recitals of the elements of a cause of action, **supported by mere conclusory statements**, do not suffice." (quoting *Twombly*, 550 U.S. at page 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged –but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. a la 1950.

6. In *Ocasio–Hernández v. Fortuño–Burset*, 640 F.3d 1, 10-11 (1st Cir. 2011), the First Circuit interpreted *Twombly* and *Iqbal*, and used two parameters for its analysis. The Trial Court must first review the complaint's allegations that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Allegations "that merely parrot the elements of the cause of action" may be dismissed. The second parameter requires the Court to take those factual allegations and the inferences that they may produce in order to determine whether the claim is plausible. This requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence". If the allegations were found to be true, they , "must state a plausible, not a merely conceivable, case for relief." *Sepúlveda– Villarini v. Dep't of Educ.*, 628 F.3d 25, 29 (1st Cir. 2010); See also, *Twombly*, 550 U.S. 555 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact").

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

7. In order to survive a motion to dismiss, the complaint must "contain[s] sufficient factual matter to state a claim to relief that is plausible on its face." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013)[4]. In *Carrero Ojeda v. Autoridad de Energía Eléctrica*, 755 F.3d 711, 717, 718 (1st Cir. 2014), the Court added:

> "Plausible," we have noted, "means something more than merely possible." Id. And a complaint that "pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility.'" Ocasio-Hernández, 640 F.3d at 12 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

8. In other words, the complaint must have plausible factual allegations, not platitudes that mirror the statute. As discussed, *infra*, plaintiffs' allegations against movants do not rise to the level of allegations that provide factual allegations of a federal cause of action.

**III. THE ALLEGATIONS AGAINST MOVANTS**

9. At paragraph 34 of the Complaint, plaintiffs aver as follow:

> Upon information and belief, Defendant Nuestra Farmacia San Francisco accessed and utilized the program PharmaScan after the termination of its license for purposes beyond access to the data[5].

10. At paragraph 35 of the Complaint, plaintiffs aver as follow:

> Upon information and belief, Defendant Nuestra Farmacia San Francisco, aided by Defendants Luis and Genaro Duran, accessed and made unauthorized copies of the program PharmaScan after the termination of the license[6].

11. At paragraph 37 of the complaint, plaintiffs averred that "[t]he facts alleged as to Nuestra Farmacia San Francisco are alleged as to each of the defendants mentioned in the preceding paragraph…" In addition, at paragraph 36, the complaint states that the

---

[4]Internal quotation mark omitted.
[5]The complaint does not state when was the access done.
[6]The complaint does not state when was the unauthorized access done.

licence of Famacia Cuquimar, Inc. on 6/14/16; Farmacia Dorado on 6/14/16, Farmacia Los Angeles on 12/31/16, and Farmacia Islote on Drug 2/16/17.

**IV. THE FIRST CAUSE OF ACTION 18 U.S.C. § 1030(a)(4)**

12. The complaint (paragraphs 38-39) avers a cause of action for violation of 18 U.S.C. § 1030(a)(4), which states:

> [Whoever] knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period.

13. The term "computer" is defined at 18 U.S.C. § 1030(e)(1) as follows:

> [T]he term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device

14. The term "protected computer" is defined in 18 U.S.C. § 1030(e)(2) as follows:

> the term "protected computer" means a computer—
> **(A)**
> exclusively for the use of a financial institution or the United States Government, or, in the case of a computer not exclusively for such use, used by or for a financial institution or the United States Government and the conduct constituting the offense affects that use by or for the financial institution or the Government; or
> **(B)**
> which is used in or affecting interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States;

15. Hence, in order to aver a violation of § 1030(a)(4), a computer must be breached and the computer must be a "protected computer", which means that it was used in or affecting interstate commerce. Paragraph 39 of the complaint only states that '[d]efendants accessed plaintiffs' computers without authorization or in excess of the authorized access, and by such means furthered the intended fraud, obtaining valuable data." Aside from this paragraph, there is no allegation of any "access", authorized or otherwise, to any computer owned by plaintiffs in the complaint. There is no mention that the computer allegedly accessed "is used in or affecting interstate or foreign commerce or communication", there is no allegation of internet use or web based. Hence, the allegations in the complaint do not provide defendants with the minimal factual allegations on the material elements of their alleged cause of action, see, Rule 8(a)(2) of the Federal Rules of Civil Procedure and *Paradigm Alliance, Inc. v. Celeritas Technologies, LLC.*, 248 F.R.D. 598, 601-602 (D. Kan 2008).

16. In addition, although the complaint avers that movants accessed plaintiffs' computer "without authorization or in excess of the authorized access" it does not state when this accesses occurred, only that it was after the licenses expired. Without this information, movants cannot know if they violated the statute (which they vehemently deny) and hence the complaint does not alleged sufficient facts to establish a cause of action against movants.

17. Also, in *U.S. Bioservices Corp. v. Lugo*, 595 F.Supp.2d 1189, 1192 (D. Kan 2009), the Court held that "access to a protected computer occurs 'without authorization' only when initial access is not permitted, and a violation for 'exceeding authorized access' occurs only when initial access to the computer is permitted but the access of

certain information is not permitted." See also, *Salestraq America, LLC v. Zyskowski*, 635 F.Supp.2d 1178, 1184 (D. Nevada 2009) and *Shamrock Foods Co. v. Gast*, 535 F.Supp.2d 962, 963 (D. Arizona 2008). These "facts" have not been averred here and hence the complaint is not plausible and this cause of action must be dismissed.

18. In addition, § 1030(g) establishes a two year statute of limitation to bring any cause of action for violation of § 1030(a)(4). Given that the dates upon which the licenses allegedly expired are more than two years before the complaint was filed, the alleged causes of action pursuant to § 1030(a)(4) are time barred within the allegations of the complaint.

19. Finally, the conduct prohibited by § 1030(a)(4) is the access "without authorization or in excess of the authorized access", not the misuse misappropriation of said information. See, *U.S. v. Nosal*, 676 F.3d 854 (9th Cir. 2012)(*en banc*); *Sebrite Agency, Inc. v. Platt*, 884 F.Supp.2d 912, 917 n.2 (D. Minn 2012) and *Orbit One Communications, Inc. v. Numerex Corp.*, 692 F.Supp.2d 373, 385 (S.D.N.Y 2010). Hence, even if there were a violation of a copyright, which movants vehemently deny, see, *infra*, the § 1030(a)(4)claim must be dismissed for the reasons stated above.

**V. THE CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT**

20. As to copyright, the complaint avers as follows:

> 40. The owner of a work has the exclusive right to reproduce the copyrighted work.
> 41. Plaintiffs' software is duly copyrighted in the U.S. Copyright Office.
> 42. Defendants had access to the software.
> 43. Defendants did not have permission from plaintiffs to reproduce the software.
> 44. Defendants willfully and unlawfully reproduced plaintiffs' software.

21. In other words, plaintiffs allege that movants copied their copyrighted software. In *Lotus Development Corporation v. Borland International, Inc.*, 49 F.3d 807, 813 (1st Cir. 1995), the First Circuit stated, however:

> To establish copyright infringement, a plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S.Ct. 1282, 1296, 113 L.Ed.2d 358 (1991); [...]To show ownership of a valid copyright and therefore satisfy *Feist's* first prong, a plaintiff must prove that the work as a whole is original and that the plaintiff complied with the applicable statutory formalities.
>
> To show actionable copying and therefore satisfy Feist's second prong, a plaintiff must first prove that the alleged infringer copied plaintiff's copyrighted work as a factual matter; to do this, he or she may either present direct evidence of factual copying or, if that is unavailable, evidence that the alleged infringer had access to the copyrighted work and that the offending and copyrighted works are so similar that the court may infer that there was factual copying (i.e., probative similarity). [...]The plaintiff must then prove that the copying of copyrighted material was so extensive that it rendered the offending and copyrighted works substantially similar.

22. In terms of the factual allegations, the complaint is sufficient to establish the first prong of *Feist*, but not the second. There is no allegation that the copying allegedly done by movants was of such a nature as to render the alleged copying of the program to create another, which is not mentioned per se but only hinted at in the complaint. Hence, the claims of copyright infringement are not plausible.

23. In addition, 17 U.S.C. § 102(b) states:

> In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.

24. This is important for as the First Circuit stated in *Lotus Development*, at page 815, stated:

> We think that the "method of operation," as that term is use in 102(b), refers to the means by which a person operates something, whether it be a car, a food processor, or a computer. Thus a text describing how to operate something would not extend copyright protection to the method of operation itself; other people would be free to employ that method and to describe it in their own words. Similarly, if a new method of operation is used rather than described, other people would still be free to employ or describe that method.
>
> We hold that the Lotus menu command hierarchy is an uncopyrightable "method of operation".

25. The complaint does not state what was copied of the program consists of a "procedure, process, system, method of operation" which do not have a copyright protection. The complaint does not aver that what was allegedly copied is not an exception mentioned in § 102(b) and hence fails to provide sufficient facts for the claim to be plausible. Moreover, the complaint also fails to specify if what was copied were facts, which are also not protected by a copyright, see, *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 344 (1991) and *Salestraq America*, *ante*. As the Supreme Court in *Feist* held at page 348:

> The mere fact that a work is copyrighted does not mean that every element of the work may be protected. Originality remains the *sine qua non* of copyright; accordingly, copyright protection may extend only to those components of a work that are original to the author. Patterson & Joyce 800-802; Ginsburg, Creation and Commercial Value: Copyright Protection of Works of Information, 90 Colum.L.Rev. 1865, 1868, and n. 12 (1990) (hereinafter Ginsburg). Thus, if the compilation author clothes facts with an original collocation of words, he or she may be able to claim a copyright in this written expression. Others may copy the underlying facts from the publication, but not the precise words used to present them.

26. Hence, at a minimum, the complaint must state which parts of the program were copied and whether they are protected by a copyright. Also, this allegation sounds more as an alleged breach of contract, see paragraphs 33-35 of the complaint, not a copyright infringement. Breach of contract, however, is not alleged in this case, probably

because although actionable as supplemental jurisdiction, 28 U.S.C. § 1367, if the federal causes of action are dismissed at an early stage, the supplemental claims are generally also dismissed, albeit without prejudice, see, *Ramos Echevarría v. Pichis, Inc.*, 659 F.3d 182, 191 (1st. 2011); *Rodriguez v. Doral Mortg. Corp.,* 57 F.3d 1168, 1177 (1st Cir. 1995) and Martínez v. Colón, 54 F.3d 980, 990 (1st Cir. 1995). Here, from the allegations of the complaint it is clear there is no diversity jurisdiction and these claims, if they existed, would have to be dismissed absent federal claims. Hence, the claim for copyright infringement is not plausible and must be dismissed.

**VI. THE CAUSE OF ACTION OF 17 U.S.C. § 1201**

27. The third cause of action, paragraphs 45-47, state as follows:

> 45. The law provides that: "No person shall circumvent a technological measure that effectively controls access to a work protected under this title.
> 46. The law furthermore provides that: "No person shall,,, traffic in any technology, product, service, device, component, or part thereof, that... is primarily designed or produced for the purpose of circumventing protection afforded by a technological measure that effectively protects a right of a copyright owner."
> 47. Defendants circumvented the technological measures in plaintiffs' software to extract information from the system without authorization.

28. Paragraph 45 is a quote of 17 U.S.C. § 1201(a)(1), which prohibits the use of circumvention technology. Paragraph 46 is a partial quote of 17 U.S.C. § 1201(a)(2) and § 1201(a)(2)(A). These two prohibit the trafficking of said circumventing technology. The only factual allegation of this cause of action is that movants "circumvented the technological measures in plaintiffs' software to extract information from the system without authorization." This is insufficient to establish a plausible cause of action pursuant to the statute.

29. In *Davidson & Associates v. Jung*, 422 F.3d 630, 640 (8th Cir. 2005), the Court explained:

> Section 1201(a)(1) provides that " [n]o person shall circumvent a technological measure that effectively controls access to a work protected under this title." The term "circumvent a technological measure" "means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner." 17 U.S.C. § 1201(3) (A). "Effectively controls access to a work" means that the measure, in the ordinary course of its operation, requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work. 17 U.S.C. § 1201(3) (B).

30. There is no averment of which "technological measure in plaintiffs' software" was circumvented. This is important for the Court in *Davidson* found liability since Battle.net's control measures was not freely available, contrasting the situation in *Lexmark In't, Inc. v. Static Control Components, Inc.*, 387 F.3d 522 (6th Cir. 2004), where the Court did not find a violation. Hence, averments of which "technological measure in plaintiffs' software" was circumvented are needed for the complaint to be plausible. They are also needed since several district courts have said that the use of a password, even if illegally obtained, is not a violation of § 1201(a)(1). See, *Ground Zero Museum Workshop v. Wilson*, 813 F.Supp.2d 678, 692 (D. Maryland 2011) and the cases cited there. Without these averments, the allegations are not plausible.

31. Moreover, there is no allegation of what the "technological measure in plaintiffs' software" actually did for the alleged copyrighted program. In other words, did the "technological measure in plaintiffs' software" protect it from viewing or from actually viewing the program? This allegation is indispensable for a § 1201(a)(1), as explained by the 5th Circuit in *MGE UPS Systems, Inc. v. GE Consumer and Industry*, 612 F.3d 760, 765 (5th Cir. 2010), where if found that "[t]he owners technological

measure must protect the copyrighted material against an infringement of a right that the Copyright Act protects, not from mere use or viewing." See also, *Lexmark*, *ante*, at page 547 *and Chamberlain Group, Inc. v. Skylink Techs, Inc.*, 381 F.3d 1178, 1204 (Fed. Cir. 2004).

32. In addition, there is no averment that movants "traffic in any technology, product, service, device, component, or part thereof" or "that... is primarily designed or produced for the purpose of circumventing protection afforded by a technological measure that effectively protects a right of a copyright owner." The only allegation is that they "circumvented the technological measures in plaintiffs' software to extract information from the system without authorization." See paragraph 47. Hence, movants could not have violated 17 U.S.C. § 1201(a)(2) or 17 U.S.C. § 1201(a)(2)(A). Moreover, in order to be a violation of § 1201(a)(2)(A) there must be averments that "the technological measures in plaintiffs' software" prevented all types of access to the software and did so effectively, see *MDY Industries, LLC v. Blizzard Entertainment*, 629 F.3d 928, 952-53 (9th Cir. 2010) and *Lexmark*, *ante*, at page 547.

**VII. CONCLUSION**

33. Plaintiffs averments do not contain sufficient facts for the Court to determine that their claims against movants are plausible. Each of their causes of action contain important factual elements which are missing from the complaint. Hence, it should be dismissed with prejudice as to movants.

WHEREFORE, movants respectfully request from the Honorable Court that it dismiss the complaint against them with prejudice.

CERTIFICATE OF SERVICE: That on this same date, a copy of this motion has been sent to all parties through the CM/ECF system.

Respectfully submitted on this 30th of August, 2019.

/s *John E. Mudd*
John E. Mudd Bar Number: 201102
LAW OFFICES JOHN E. MUDD
P. O. BOX 194134
SAN JUAN, P.R. 00919
(787) 413-1673
E-Mail jemudd@yahoo.com

/s John A. Stewart
John A. Stewart Bar Number: 231804
Attorney for Plaintiffs
PO Box 140357
Arecibo, PR 00614-0357
Tel/Fax: (787) 878-0403
E-mail: stewart_j_esq@msn.com