UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
:
:
D&Z AUCTION RESELLERS, LLC, *et al*.   :   Case No. 3:19-cv-01242-WGY
Plaintiffs,   :
:
-against-   :
:
:
:
MEDI-DATA CORPORATION, *et al*.   :
:
Defendants.   :
:
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DEFENDANT MICRO MERCHANT SYSTEMS'S MOTION TO DISMISS
THE CROSS-CLAIMS OF DEFENDANTS FARMACIA ORTEGA; SUPER FARMACIA
FAMILIAR; EMPRESAS ALVASIE, INC.; SUPER FARMACIA REBECA, INC.;
ESTEVES EXPRESS PHARMACY; FARMACIA MALEZA EXPRESS; FARMACIA
JIREH, INC. AND FARMACIA MARILYN
<u>PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

**TO THE HONORABLE COURT:**

Comes now Defendant Micro Merchant Systems ("MMS"), through its undersigned counsel, respectfully submits this memorandum in support of its motion to dismiss the cross-claims asserted against it by Defendants Farmacia Ortega (D.E. 63); Super Farmacia Familiar (D.E. 64); Empresas Alvasie, Inc. (D.E. 65); Súper Farmacia Rebeca, Inc. (D.E. 67); Esteves Express Pharmacy and Farmacia Maleza Express (D.E. 69); Farmacia Jireh, Inc. (D.E. 72); and Farmacia Marilyn (D.E. 74) (together, "Cross-Claimants")[1] pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, and states as follows:

---

[1]   According to their Answers and Crossclaims, Farmacia Ortega should have been sued under the name Mildred Carrillo De La Rosa; Super Farmacia Familiar should have been sued under the name Gladys Vélez Morales; Farmacia Esteves Express Pharmacy should have been

1

# BACKGROUND AND ARGUMENT

Cross-Claimants are eight of the 16 pharmacies named as defendants in this action alleging violations of three federal statutes. Between them, Cross-Claimants have filed seven separate answers and cross-claims, including rote cross-claims against MMS. *See* D.E. 63, 64, 65, 67, 69, 72, 74. There is simply no legal or factual basis for the cross-claims against MMS.

These seven filings follow substantively identical formats: they generally deny all of the allegations in the Complaint; they assert a long list of affirmative defenses; and they contain a putative cross-claim against defendants Luis and Genaro Duran, Medi-Data, Inc., and Micro Merchant Systems ("MMS") (the "Cross-Claims"). The gist of the Cross-Claims are the same in each of the seven filings, though the specific language of the Cross-Claims takes one of two forms. The first form states:

> Cross-claimant asserts that in the event that the appearing co-defendant may be found liable to plaintiff, which it is denied, co-defendants Luis Durán Rivera, Genaro Durán, Medi-Data Corporation and/or Micro Merchant Systems must be held liable to the appearing co-defendant for any and all amounts assessed against them.

*See* D.E. 63, 64, 67, 69 ¶ 19. The second form states:

> [If] judgment is ruled against the appearing defendant, then it is respectfully requested that another judgment be entered in favor of the appearing defendant and against codefendants Luis Durán Rivera; Genaro Durán; Medi Data Corporation and Micro Merchant Systems declaring them to be liable to the appearing defendant in an amount equal to the amount of the judgment against the appearing defendant.

*See* D.E. 65, 72, 74 at 15. While none of the seven filings identifies a specific claim for relief, in sum and substance each one clearly seeks indemnification from the Durans, Medi-Data, and MMS for any liability that might accrue to the Cross-Claimants. Importantly, none of the Cross-Claimants identify any contractual basis upon which they are entitled to indemnification.

---

sued under the name Express Pharmacy, Inc.; and Farmacia Maleza Express should have been sued under the name Maleza Express Pharmacy, Inc..

Cross-Claimants' indemnification Cross-Claims have no basis in law or logic and must be dismissed. As an initial matter, the theory animating the Cross-Claims is essentially that the pharmacies did nothing wrong, and so if they are found to have done something wrong, the other defendants must be held responsible. *See* D.E. 65, 72, 74 ¶ 17 ("the appearing defendant is an **innocent third party** to any alleged illegal transactions and/or wrongdoing allegedly performed by any of the named codefendants in this case, particularly codefendants Luis Durán Rivera; Genaro Durán, Medi Data Corporation and Micro Merchant Systems"); *see also* D.E. 63, 64, 67, 69 ¶ 17 (same). This position is nonsensical—if Cross-Claimants are ultimately found liable, it will be because someone—either the Court or a jury—has determined that they did in fact do something wrong and are *not* innocent third parties. Belief in one's own innocence is not a cognizable basis for an indemnification claim, and Cross-Claimants therefore fail to state a plausible claim for relief. *See, e.g.*, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (a claim for relief must be "plausible on its face").

The Cross-Claims are barred for legal reasons as well. The underlying claims in this case assert three federal statutory causes of action: violation the Computer Fraud and Abuse Act; copyright infringement; and violation of the anti-circumvention provisions of the Digital Millennium Copyright Act. *See generally* Compl. (D.E. 1) ¶¶ 38-47. The law is well-settled that "[a] defendant held liable under a federal statute has a right to indemnity or contribution from another who has also violated the statute *only* if such right arises through (1) the express or implicit creation of a right of action by Congress, or (2) the power of the courts to formulate federal common law." PPV Connection, Inc. v. Rodriguez, 228 F.R.D. 99, 101 (D.P.R. 2005) (emphasis added) (citation omitted); *see also* Doherty v. Wireless Broad. Sys. of Sacramento, Inc., 151 F.3d 1129, 1130-31 (9th Cir. 1998) (same).

3

Here, none of the seven Cross-Claims identify any statutory or federal common law basis upon which Cross-Claimants might assert a right to indemnification. On that basis alone they must be dismissed for failure to state a claim. Moreover, the Cross-Claims should be dismissed with prejudice because numerous courts have held that no indemnification right exists with respect to violations of the CFAA or the Copyright Act, of which the DMCA is a part. *See, e.g.*, <u>Paskenta Band of Nomlaki Indians</u> v. <u>Crosby</u>, No. 2:15-cv-00538-MCE-CMK, 2016 U.S. Dist. LEXIS 92421, at *10 (E.D. Cal. July 15, 2016) ("[T]here is no statutory or common law right of indemnification for the CFAA."); <u>Innovation Ventures, LLC</u> v. <u>Ultimate One Distrib. Corp.</u>, No. 12-CV-5354 (KAM) (RLM), 2014 U.S. Dist. LEXIS 42960, at *66-67 (E.D.N.Y. Mar. 28, 2014) ("The right of contribution and indemnification are similarly barred in the context of the Copyright Act"). Accordingly, for this reason too, the cross-claims should be dismissed as against MMS.

## **CONCLUSION**

For the foregoing reasons, Defendant Micro Merchant Systems respectfully requests the Honorable Court to dismiss all of the cross-claims in the Complaint against it and grant such other relief as the Honorable Court shall find just and proper.

**IT IS HEREBY CERTIFIED** that on this same date the foregoing was filed by uploading to the CM/ECF system, which will send automatic notices to the attorneys of record.

Dated: September 13, 2019.

**GOLDMAN ANTONETTI & CÓRDOVA LLC**
*Attorneys for Defendant Micro Merchant Systems*
PO Box 70364
San Juan, Puerto Rico 00936-8364
Tel: (787) 759-4141
Fax: (787) 474-2314

**/s/ EDGARDO COLÓN ARRARÁS**
Edgardo Colon Arraras
USDC-P.R. #126912
ecolon@gaclaw.com

4