UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| D&Z AUCTION RESELLERS, LLC. AND<br>GUSTAVO A. MORENO PONCE<br><br>        Plaintiffs<br><br>        v.<br><br>MEDI DATA CORPORATION,<br>LUIS DURÁN RIVERA,<br>GENARO DURÁN,<br>MICRO MERCHANT SYSTEMS<br>NUESTRA FARMACIA SAN FRANCISCO, LLC,<br>SUPER FARMACIA REBECA<br>SUPER FARMACIA FAMILIAR,<br>FARMACIA JIREH<br>FARMACIA LA NUEVA BARCELONETA,<br>FARMACIA CUQUIMAR,<br>FARMACIA DORADO<br>EMPRESAS ALVASIE, INC. (FARMACIA<br>ELDA),<br>FARMACIA SAN ANTONIO,<br>VILMA L. MARTINEZ, JAIME LUGO AND<br>THEIR CONJUGAL PARTNERSHIP DBA<br>FARMACIA CAMPO ALEGRE,<br>FARMACIA LOS ANGELES,<br>FARMACIA ORTEGA,<br>FARMACIA ISOLTE DRUG,<br>ESTEVES EXPRESS PHARMACY,<br>FARMACIA MALEZA EXPRESS,<br>FARMACIA MARILYN,<br>A, B, & C;<br>X, Y & Z.<br><br>        Defendants | CIVIL NO. 19-cv-01242-WGY<br><br>COPYRIGHT INFRINGEMENT<br>VIOLATION OF DIGITAL<br>MILLENNIUM ACT<br><br>JURY TRIAL REQUESTED |

**COMPLAINT**

TO THE HONORABLE COURT:

Comes now Plaintiff, D & Z Auction Resellers, LLC, through undersigned attorneys and

very respectfully brings this action for copyright infringement, violation of DMCA

Circumvention provisions, Computer Fraud and Abuse Act, against the above captioned defendants as follows:

## NATURE OF ACTION, JURISDICTION AND VENUE

1. This is an action to recover damages for defendants' willful acts of copyright infringement arising under the 1976 Copyright Act, as amended, 17 U.S.C. §101, et seq.; for violation of the anti-circumvention measures, under the Digital Millennium Copyright Act, 17 U.S.C. §1201(a)(2).

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, 1338(a), 1338(b) and pursuant to the U.S. Copyright Act, 17 U.S.C. §501(b).

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1), (b)(2) and (c)(2) and 28 U.S.C. §1400(a) because this is the district in which defendants reside or are authorized to do business; a substantial part of all infringing actions have occurred and continue to occur in this district; and the property related to these claims is found in this district, and all claims arose in this District.

## THE PARTIES

4. Plaintiff D&Z Auction Resellers, LLC is a limited liability company created under the laws of the Commonwealth of Puerto Rico (registration number 311216) with offices located in Road 685, Tierras Nuevas, Manatí, Puerto Rico 00674.

5. Plaintiff Gustavo Moreno is the owner and copyright claimant of the computer program "PharmaScan"; registered in the U.S.Copyright Office under certificate number TXu-373435 since June 5, 1989.

6. Defendant Medi Data Corporation is a corporation created and registered under the laws of the Commonwealth of Puerto Rico, registration number 136726, with offices located at Calle Reparto Piñeiro #22 Urb Piñeiro, Guaynabo PR 00969.

7.   Defendant Luis Durán Rivera worked for companies owned by Moreno, including D&Z Auction Resellers, LLC and is currently an employee of Medi Data Corp.

8. Defendant Genaro Durán worked for companies owned by Moreno, including D&Z Auction Resellers, LLC and is currently an employee of Medi Data Corp.

9. Defendant Micro Merchant Systems is, upon information and belief, a New York company with main offices in 6800 Jericho Tpke (203E), Syosset, NY 11791.      10. Defendant Nuestra Farmacia San Francisco, LLC is a limited liability company registered under the laws of the Commonwealth of Puerto Rico, registry number 340290, with resident agent Carlos Ruiz Acevedo and address at Road 402, Urb. Hacienda Libertad, B-9, Añasco P.R. 00610.  It owns and operates the pharmacy Nuestra Farmacia San Francisco, located at #166 Calle Colón, Aguada, Puerto Rico 00602.

11. Defendant Super Farmacia Rebeca, Inc. is a corporation registered under the laws of the Commonwealth of Puerto Rico, registry number 347713, with resident agent Dalila Bula Maysonet and address as Reparto Monte Cristo, Road 110, km..3, Aguadilla, Puerto Rico 00605.   The corporation owns and operates the pharmacy Super Farmacia Rebeca, located at Ave. Noel Estrada #80, Isabela, Puerto Rico 00662.

12. Defendant Super Farmacia Familiar is a pharmacy located in the city of Moca, Puerto Rico owned by Gladys Vélez, a licensed pharmacist.  Its physical address is Road 111, Int.420, Barrio Voladoras, Moca, P.R. 00676.

13. Defendant Farmacia Jireh, Inc. is a corporation registered under the laws of the Commonwealth of Puerto Rico, registry number 169155, with resident agent Victor Maysonet, with address Urb. Valle de Añasco 213, Añasco, PR 00610.. It owns and operates a pharmacy located in the city of Aguadilla, Puerto Rico. The pharmacy's physical address is Carretera No. 2, km. 122, Caimital Alto, Aguadilla, Puerto Rico.

14.   Defendants Farmacia La Nueva Barceloneta; Farmacia Cuquimar; Farmacia Dorado; Farmacia San Antonio; Vilma Martíntez, Jaime Lugo and their Conjugal Partnership d/b/a Farmacia Campo Alegre; Farmacia Los Angeles; Farmacia Ortega; Farmacia Islote Drug; Farmacia Express Pharmacy; Farmacia Maleza Express; and Farmacia Marilyn are all pharmacies located in Puerto Rico.

15.   Defendant Empresas Alvasie, Inc. is a corporation registered under the laws of the Commonwealth of Puerto Rico, registry number 76255, with resident agent Elda Sierra Meléndez at Road #2, km. 44.5 Barrio Cantera, Manati, Puerto Rico 00674. The corporation owns and operates Farmacia Elda, located at Road #2, km 44.6, Barrio Cantera, Manati, Puerto Rico 00674.

16.   Defendants A, B, And C are, corporations or companies that may be liable to Plaintiffs Moreno and D & Z Auction Resellers, LLLC for the facts alleged in the present Complaint but at this moment their names and addresses are unknown.

17.   Defendants Insurance companies X, Y, and Z are insurance companies that may be responsible to Plaintiffs for the facts alleged in the present Complaint but, at this moment, their names and addresses are unknown.

THE FACTS

18.  Plaintiff Gustavo A. Moreno Ponce created and is the owner of a software program called PharmaScan that allows users to manage inventory, patient's profile, allergies, drug-drug interaction, patient education monographs, prescription auxiliary label warnings, duplicate therapy, accounts receivable/payable, digital signature and document scanning and imaging, payment reconciliation.

19.  The program PharmaScan is duly registered in the U.S. Copyright Office at least since June 5, 1989.

20. Since its creation, Moreno has licensed his program to pharmacies through different businesses or corporations of his own. Among the names, businesses, and corporations under which he has licensed the use of PharmaScan since its creation in 1989 are: MNC Corp., Moreno Computer Consultants and D&Z Auction Resellers, Corp/LLC.

21. Defendants Luis Duran and Genaro Durán were employees of MNC Corp, Moreno Computer Consultants and/or D&Z Auction Resellers. Among their responsibilities as employees, they had access to the PharmaScan program and knew how to install, operate, delete, maintain and service said program in the computers of subscribing pharmacies. They also had access to hardware required for the operation and maintenance of the program in subscribing pharmacies.

22. Both defendant Luis Durán and Genaro Duran resigned from Moreno related companies in 2016.

23. Defendant Luis Duran was hired by Defendant Medi Data Corp. immediately after resigning from the Moreno related companies.

24. Upon information and belief, Luis Duran retained hardware components that granted him access to the hardware and computer programs of the Moreno related companies, including access to PharmaScan.

25. Upon information and belief, immediately after joining defendant company Medi Data Corp., defendant Luis Duran contacted pharmacies he had served while under the Moreno companies' employment and offered the products of his new employer.

26. Upon information and belief, Defendant Luis Duran informed his formerly served pharmacies that the data under PharmaScan program encryption could be retrieved and transferred into the new services program he was selling for the benefit of his new

employer Medi Data Systems, without the need to request and obtain plaintiffs' authorization.

27.   Upon information and belief, Defendant Luis Duran, oftentimes aided by Defendant Genaro Duran, and Carlos Cortes, an employee of Micro Merchant Systems, unlawfully accessed the PharmaScan program, copied it to another computer and ran it to access the encrypted data related to clients purchase and consumption history.  Defendants Luis and Genaro Duran de-encrypted the data and transferred it to the client's new servers, saving hundreds of hours in data entry for the new programs.

28.   Upon information and belief, Defendants Luis Duran, Genaro Duran, and Carlos Cortes, an employee of Micro Merchant Systems, circumvented the encryption program through the use of unlawfully retained hardware components – security keys – and software knowledge from their days as employees of the Moreno related companies for the benefit their new employer and to the detriment of the Moreno related companies.

29.   Upon information and belief defendant Micro Merchant Systems, through its employee Carlos Cortés, was present at the pharmacies and assisted defendants Duran in performing the acts detailed in the preceding paragraphs.

30.   Micro Merchant Systems, through its employee Carlos Cortés, was present at the pharmacies and provided programmers assistance to circumvent plaintiffs' software security implementations.

31.   On March 16, 2016, plaintiffs terminated Nuestra Farmacia San Francisco, LLC's license to use Pharmascan.

32.   Defendants Luis Durán and Genaro Durán, as employees of MNC Corp. had provided advisory and maintenance services to Defendant Nuestra Farmacia San Francisco as required and established under the PharmaScan license agreement.

6

33. The license to use PharmaScan establishes that upon termination of the license, the licensee shall cease using the program; shall return the security key that allowed access to the program; and shall have personnel of licensor access its computers to delete and remove the program and its data from licensee's computers.   Furthermore, the license agreement states that any third-party access to the program, its software and/or data will automatically terminate the license agreement between the parties.

34. Upon information and belief, Defendant Nuestra Farmacia San Francisco accessed and utilized the program PharmaScan after the termination of its license for purposes beyond access to the data.

35. Upon information and belief, Defendant Nuestra Farmacia San Francisco, aided by Defendants Luis and Genaro Duran, made unauthorized copies of the program PharmaScan after the termination of the license.

36. The licenses for all other defendants were similarly terminated on various dates: Defendants Farmacia Rebeca, Inc. (4/6/2016), Super Farmacia Familiar (4/13/2016), Farmacia Jireh, Inc. (4/19/2016) Farmacia Ferrari Inc. (5/16/2016), Farmacia La Nueva Barceloneta (6/14/2016), Farmacia Cuquimar (6/14/2016), Farmacia Dorado (6/14/2016), Farmacia San Antonio (6/28/2016), Farmacia Campo Alegre (9/2/2016), Farmacia Los Angeles (12/31/2016), Farmacia Ortega (1/10/2017), Farmacia Islote Drug (2/16/2017), Farmacia Express Pharmacy (3/3/2017), Farmacia Maleza Express (3/3/2017), Farmacia Marilyn and Farmacia Los Pinos.

37. The facts alleged as to Nuestra Farmacia San Francisco are alleged as to each of the defendants mentioned in the preceding paragraph, but with the different termination dates.

FIRST CAUSE OF ACTION
COPYRIGHT INFRINGEMENT

7

40.     The owner of a work has the exclusive right to reproduce the copyrighted work.

41.     Plaintiffs' PharmaScan software is duly copyrighted in the U.S. Copyright Office.

42.     Defendants had access to the software.

43.     Defendants did not have permission from plaintiffs to reproduce the PharmaScan software.

44.     Defendants willfully and unlawfully reproduced plaintiffs' PharmaScan software.

SECOND CAUSE OF ACTION
VIOLATION REGARDING CIRCUMVENTION OF
TECHNOLOGICAL MEASURES
17 U.S.C. §1201

45. The law provides that: "No person shall circumvent a technological measure that effectively controls access to a work protected under this title.

46. Defendants circumvented the technological measures in plaintiffs' software to extract information from the system without authorization.

JURY DEMAND

47. Plaintiffs hereby request trial by jury.

WHEREFORE, plaintiffs request that the Court enter judgment ordering defendants to: pay damages, be there actual damages suffered by Plaintiffs as a consequence of Defendants' infringements as well as all profits derived by Defendants related to the infringements, or statutory damages, at Plaintiffs selection, for the willful infringement of Plaintiffs' exclusive rights of reproduction, for the circumvention of plaintiffs' software protection measures and damages for the violation to the Computer Fraud and Abuse Act.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 7 October 2019.

**s/ José A. Hernández Mayoral**
José A. Hernández Mayoral
USDCNO. 205307
206 Tetuán, Suite 702 San Juan, PR 00901
Tel. 787 722-7782/787 607-4867 Fax:
787 722-7786
Email: jahm@mac.com

I CERTIFY that service a copy of this motion has been served on opposing counsel through the CM/ECF system.

**s/ José A. Hernández Mayoral**