IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| D&Z AUCTION RESELLERS, LLC AND GUSTAVO A. MORENO PONCE<br><br>Plaintiffs<br><br>V.<br><br>MEDIA DATA CORPORATION, et als<br><br>Defendants | CIVIL NO.  CIVIL 19-1242(WGY)<br><br>COPYRIGHT INFRINGEMENT<br><br>DIGITAL MILLENIUM ACT<br><br>COMPUTER FRAUD AND ABUSE |

**REPLY TO OPPOSITION TO MOTION TO DISMISS PURSUANT TO RULES 12(B)(1) AND 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE BY FARMACIA LOS ANGELES DE ISABELA LLC, ISLOTE DRUG, INC, FARMACIA CUQUIMAR, INC. ANDCARMEN REMIGIO KUILIAN Y PEDRO J. KUILAN MARRERO, DBA FARMACIA DORADO**

**TO THE HONORABLE COURT:**

COME NOW Farmacia Los Angeles de Isabela, Llc; Islote Drug, Inc; Farmacia Cuquimar, Inc.; Carmen Remigio Kuilian y Pedro J. Kuilan Marrero, DBA Farmacia Dorado, through their undersigned attorneys and very respectfully states, alleges and prays:

1. Plaintiff filed a combined opposition to several parties' motion to dismiss. As to the appearing parties, plaintiff essentially agreed that its First Cause of Action is not applicable to them and informed that in a hypothetical amended complaint he would not include this cause of action. Plaintiffs' motion at page 5.

2. Plaintiff claims that he has a right to amend the complaint pursuant to Rule 15(a), but this is incorrect. Rule 15(a)(1)(B) provides the absolute right to amend within 21 days after service of a Rule 12(b) motion. The 21-day period here expired on September 20, 2019 without any amendment by plaintiff. Of course, plaintiff may amend the complaint

at this time with leave of Court, but he has not requested said leave and it would be subject to movants' objection to the complaint's plausibility.

## I. THE ALLEGATIONS AGAINST MOVANTS

3. At paragraph 34 of the Complaint, plaintiffs aver as follow:

Upon information and belief, Defendant Nuestra Farmacia San Francisco accessed and utilized the program PharmaScan after the termination of its license for purposes beyond access to the data[5].

4. At paragraph 35 of the Complaint, plaintiffs aver as follow:

Upon information and belief, Defendant Nuestra Farmacia San Francisco, aided by Defendants Luis and Genaro Duran, accessed and made unauthorized copies of the program PharmaScan after the termination of the license[6].

5. At paragraph 37 of the complaint, plaintiffs averred that "[t]he facts alleged as to Nuestra Farmacia San Francisco are alleged as to each of the defendants mentioned in the preceding paragraph…" In addition, at paragraph 36, the complaint states that the license of Famacia Cuquimar, Inc. on 6/14/16; Farmacia Dorado on 6/14/16, Farmacia Los Angeles on 12/31/16, and Farmacia Islote on Drug 2/16/17.

## II. THE CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT

6. As to copyright, the complaint avers as follows:

40. The owner of a work has the exclusive right to reproduce the copyrighted work.
41. Plaintiffs' software is duly copyrighted in the U.S. Copyright Office.
42. Defendants had access to the software.
43. Defendants did not have permission from plaintiffs to reproduce the software.
44. Defendants willfully and unlawfully reproduced plaintiffs' software.

---

[5] The complaint does not state when was the access done.
[6] The complaint does not state when was the unauthorized access done.

7. Plaintiff claims that the complaint states that movants copied the entire copyrighted program. Aside from the fact that the complaint does not state that, plaintiff has not averred that "the copying of copyrighted material was so extensive that it rendered the offending and copyrighted works substantially similar." *Lotus Development Corporation v. Borland International, Inc.*, 49 F.3d 807, 813 (1st Cir. 1995)

8. There is no allegation in the complaint that the copying allegedly done by movants was of such a nature as to render the alleged copying of the program to create another, which is not mentioned per se but only hinted at in the complaint. Hence, the claims of copyright infringement are not plausible. To simply state that the program was copied does not render a copyright violation.

9. At a minimum, the complaint must state which parts of the program were copied and whether they are protected by a copyright. Also, this allegation sounds more as an alleged breach of a contract; see paragraphs 33-35 of the complaint, not a copyright infringement. Breach of contract, however, is not alleged in this case, probably because although actionable as supplemental jurisdiction, 28 U.S.C. § 1367, if the federal causes of action are dismissed at an early stage, the supplemental claims are generally also dismissed, albeit without prejudice, see, *Ramos Echevarría v. Pichis, Inc.*, 659 F.3d 182, 191 (1st. 2011); *Rodriguez v. Doral Mortg. Corp.,* 57 F.3d 1168, 1177 (1st Cir. 1995) and *Martínez v. Colón*, 54 F.3d 980, 990 (1st Cir. 1995). Moreover, plaintiff does not discuss this failure. Since there is no diversity, any such claim must be dismissed.

**III. THE CAUSE OF ACTION OF 17 U.S.C. § 1201**

    10. The third cause of action, paragraphs 45-47, state as follows:

45. The law provides that: "No person shall circumvent a technological measure that effectively controls access to a work protected under this title.
46. The law furthermore provides that: "No person shall,,, traffic in any technology, product, service, device, component, or part thereof, that... is primarily designed or produced for the purpose of circumventing protection afforded by a technological measure that effectively protects a right of a copyright owner."
47. Defendants circumvented the technological measures in plaintiffs' software to extract information from the system without authorization.

    11. Paragraph 45 is a quote of 17 U.S.C. § 1201(a)(1). Paragraph 46 is a partial quote of 17 U.S.C. § 1201(a)(2) and § 1201(a)(2)(A). The only factual allegation of this cause of action is that movants "circumvented the technological measures in plaintiffs' software to extract information from the system without authorization." This is insufficient to establish a plausible cause of action pursuant to the statute.

    12. Faced with the clearly deficient complaint, plaintiff avers that the appearing parties are being sued pursuant only to 17 U.S.C. § 1201(a)(1). Plaintiff, however, does not discuss the cases cited by the appearing parties. There is no averment of which "technological measure in plaintiffs' software" was circumvented. In *Davidson & Associates v. Jung*, 422 F.3d 630, 640 (8th Cir. 2005), the Eighth Circuit found liability since Battle.net's control measures was not freely available, contrasting the situation in *Lexmark In't, Inc. v. Static Control Components, Inc.*, 387 F.3d 522 (6th Cir. 2004), where the Court did not find a violation. Hence, an averment of of which "technological measure in plaintiffs' software" was circumvented are needed for the complaint to be plausible

4

pursuant to 17 U.S.C. § 1201(a)(1). Plaintiff does not explain or discuss these cases. In fact, plaintiff does not discuss any of the cases cited by the appearing parties.

13. Nor does plaintiff discuss or explain that several district courts have said that the use of a password, even if illegally obtained, is not a violation of §1201(a)(1). See, *Ground Zero Museum Workshop v. Wilson*, 813 F.Supp.2d 678, 692 (D. Maryland 2011) and the cases cited there. Without these averments, the allegations are not plausible.

14. Nor are there any allegation of what the "technological measure in plaintiffs' software" actually did for the alleged copyrighted program. In other words, did the "technological measure in plaintiffs' software" protect it from viewing or from actually viewing the program? This allegation is indispensable for a §1201(a)(1) claim, as explained by the 5th Circuit in *MGE UPS Systems, Inc. v. GE Consumer and Industry*, 612 F.3d 760, 765 (5th Cir. 2010), where if found that "[t]he owners technological measure must protect the copyrighted material against an infringement of a right that the Copyright Act protects, not from mere use or viewing." See also, *Lexmark*, *ante*, at page 547 *and Chamberlain Group, Inc. v. Skylink Techs, Inc.*, 381 F.3d 1178, 1204 (Fed. Cir. 2004).

## IV. CONCLUSION

15. Plaintiff has not amended the complaint nor sought leave to amend the complaint. It has accepted that the First Cause of Action is not valid and failed to discuss the case law the appearing parties have cited. Hence, the Honorable Court should grant movants dispositive motion.

WHEREFORE, plaintiffs respectfully request from the Honorable Court that it dismiss the complaint for the above stated reasons.

CERTIFICATE OF SERVICE: That on this same date, a copy of this motion has been sent to all parties through the CM/ECF system.

Respectfully submitted on this 1st of October, 2019.

/s *John E. Mudd*
John E. Mudd Bar Number: 201102
LAW OFFICES JOHN E. MUDD
P. O. BOX 194134
SAN JUAN, P.R. 00919
(787) 413-1673
E-Mail jemudd@yahoo.com

/s John A. Stewart
John A. Stewart Bar Number: 231804
PO Box 140357
Arecibo, PR 00614-0357
Tel/Fax: (787) 878-0403
E-mail: stewart_j_esq@msn.com