# UNITED STATES DISTRICT COURT
# FOR THE DISCTRICT OF PUERTO RICO

| | |
|---|---|
| D&Z Auction Resellers, LLC and Gustavo A. Moreno Ponce<br><br>Plaintiffs,<br><br>v.<br><br>Medi Data Corporation, et al.,<br><br>Defendant. | CIVIL NO. 19-CV-01242<br><br>COPYRIGHT INFRINGEMENT; VIOLATION OF DIGITAL MILLENNIUM ACT; COMPUTER FRAUD AND ABUSE |

## ANSWER TO AMENDED COMPLAINT

TO THE HON. WILLIAM G. YOUNG, U.S. DISTRICT JUDGE:

COMES NOW co- defendant, Nuestra Farmacia San Francisco LLC ("NFSF"), by and through the undersigning counsel, without voluntarily submitting to the jurisdiction of this Court, and hereby submits this Answer to Complaint filed by D&Z Auction Resellers, LLC and Gustavo A. Moreno Ponce on March 16, 2019 (Docket No. 1).

## JURISDICTION AND PROPER VENUE

1. Paragraph 1 of the Complaint does not require a responsive allegation, as it is a legal conclusion and question of law to which no response is required. In case it does, it is denied.

2. Paragraph 2 of the Complaint does not require a responsive allegation, as it is a legal conclusion and question of law to which no response is required. In case it does, it is denied.

1

3. Paragraph 3 of the Complaint does not require a responsive allegation, as it is a legal conclusion and question of law to which no response is required. In case it does, it is denied.

## THE PARTIES

4. NFSF lacks knowledge or information sufficient to admit or deny Plaintiffs' current residence and, therefore denies all allegations in paragraph 4 of the Complaint.

5. NFSF lacks knowledge or information sufficient to admit or deny Plaintiffs' allegation in paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint is not directed at NFSF and therefore no response is required.

7. Paragraph 7 of the Complaint is not directed at NFSF and therefore no response is required.

8. Paragraph 8 of the Complaint is not directed at NFSF and therefore no response is required.

9. Paragraph 9 of the Complaint is not directed at NFSF and therefore no response is required.

10. Paragraph 10 of the Complaint is admitted.

11. Paragraph 11 of the Complaint is not directed at NFSF and therefore no response is required.

12. Paragraph 12 of the Complaint is not directed at NFSF and therefore no response is required.

13. Paragraph 13 of the Complaint is not directed at NFSF and therefore no response is required.

14. Paragraph 14 of the Complaint is not directed at NFSF and therefore no response is required.

15. Paragraph 15 of the Complaint is not directed at NFSF and therefore no response is required.

16. Paragraph 16 of the Complaint is not directed at NFSF and therefore no response is required.

17. Paragraph 17 of the Complaint is not directed at NFSF and therefore no response is required.

## THE FACTS

18. Paragraph 18 of the Complaint does not require an answer from the appearing party. To the extent a response is required, NFSF is without sufficient knowledge to ascertain the truth of the allegations.

19. Paragraph 19 of the Complaint does not require an answer from the appearing party. To the extent a response is required, NFSF is without sufficient knowledge to ascertain the truth of the allegations.

20. Paragraph 20 of the Complaint does not require an answer from the appearing party. To the extent a response is required, NFSF is without sufficient knowledge to ascertain the truth of the allegations.

21. Paragraph 21 of the Complaint does not require an answer from the appearing party. To the extent a response is required, NFSF is without sufficient knowledge to ascertain the truth of the allegations.

22. Paragraph 22 of the Complaint does not require an answer from the appearing party. To the extent a response is required, NFSF is without sufficient knowledge to ascertain the truth of the allegations.

23. Paragraph 23 of the Complaint does not require an answer from the appearing party. To the extent a response is required, NFSF is without sufficient knowledge to ascertain the truth of the allegations.

24. Paragraph 24 of the Complaint does not require an answer from the appearing party. To the extent a response is required, NFSF is without sufficient knowledge to ascertain the truth of the allegations.

25. Paragraph 25 of the Complaint does not require an answer from the appearing party. To the extent a response is required, NFSF is without sufficient knowledge to ascertain the truth of the allegations.

26. Paragraph 26 of the Complaint does not require an answer from the appearing party. To the extent a response is required, NFSF is without sufficient knowledge to ascertain the truth of the allegations.

27. Paragraph 27 of the Complaint does not require an answer from the appearing party. To the extent a response is required, NFSF is without sufficient knowledge to ascertain the truth of the allegations.

28. Paragraph 28 contains legal conclusions to which no response is required. More so, Paragraph 28 of the Complaint does not require an answer from the appearing party. To the extent a response is required, NFSF is without sufficient knowledge to ascertain the truth of the allegations.

29. Paragraph 29 of the Complaint does not require an answer from the appearing party. To the extent a response is required, NFSF is without sufficient knowledge to ascertain the truth of the allegations.

30. Paragraph 30 of the Complaint does not require an answer from the appearing party. To the extent a response is required, NFSF is without sufficient knowledge to ascertain the truth of the allegations.

31. Paragraph 31 of the Complaint is denied.

32. Paragraph 32 of the Complaint is admitted in part and denied in part. It is admitted that Luis Durán and Genaro Durán provided services to NFSF. The rest of the allegation is denied. NFSF has never signed any license agreement for the PharmaScan software.

33. NFSF is without sufficient knowledge to ascertain the truth of the allegations contained in paragraph 33 of the Complaint as it has never executed a written agreement with any of the Plaintiffs.

34. Paragraph 34 of the Complaint is denied.

35. Paragraph 35 of the Complaint is denied.

36. Paragraph 36 of the Complaint does not require an answer from the appearing party. To the extent a response is required, NFSF is without sufficient knowledge to ascertain the truth of the allegations.

37. Paragraph 37 of the Complaint does not require an answer from the appearing party. To the extent a response is required, NFSF is without sufficient knowledge to ascertain the truth of the allegations.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**

38. Paragraph 40 of the Complaint is a statement and/or conclusion of law that does not merit or require a responsive pleading.

39. NFSF is without sufficient knowledge to ascertain the truth of the allegations in paragraph 41 of the Complaint.

40. Paragraph 42 of the Complaint is denied as it constitutes a conclusion of law that does not merit or require a responsive pleading. To the extent a response is required, it is denied.

41. Paragraph 43 of the Complaint is denied as it constitutes a conclusion of law that does not merit or require a responsive pleading. To the extent a response is required, it is denied.

42. Paragraph 44 of the Complaint is a statement and/or conclusion of law that does not merit or require a responsive pleading. To the extent a response is required, it is denied.

### SECON DCAUSE OF ACTION
### VIOLATION REGARDING CIRCUMVENTION OF
### TECHNOLOGICAL MEASURES
### 17 U.S.C. §1201

43. The allegations of paragraph 45-47 relate to a cause of action that was dismissed by this Honorable Court. If an answer is required, it is denied.  of the Complaint are statement and/or conclusions of law which do not merit or require a responsive pleading. In case that an answer should be required, the allegations are denied.

### JURY DEMAND

44. The allegation of paragraph 47 of the Complaint is a statement and/or a conclusion of law which does not merit or require a responsive pleading. In case that an answer should be required, the allegation is denied.

### PRAYER FOR RELEIF

NFSF denies that Plaintiffs are entitled to any of the reliefs requested in its "PRAYER FOR RELIEF". NFSF denies that Plaintiffs are entitled to judgment against it. NFSF denies that Plaintiff is entitled to any award of damages.

### AFFIRMATIVE DEFENSES

1. The complaint fails to state facts against Co-Defendant NFSF which constitute a tenable cause of action in law or in equity, and upon which relief can be granted.

2. This Honorable Court lacks Jurisdiction on all Copyright Act claims as Plaintiff fails to present evidence of Copyright Registration for the alleged work pursuant to section 411(a) of the Copyright Act. From the face of the Complaint, it does not appear that the alleged software at issue is registered with the US Copyright Office because no certificate of registration was included and/or the reference number to the registration does not specify what software or version of the software is included in the registration. Therefore, there is no basis whatsoever – other than pure speculation- to conclude that the software at issue in the Complaint was included in the work deposited with the Copyright Office. Section 411(a) of the Copyright Act requires registration as a precondition to filing a copyright infringement claim. Section 411(a) states that "no civil action for infringement of the copyright in any United States work shall be instituted until ... registration of the copyright claim has been made in accordance with this title." This means that registration is a prerequisite to filing an action for infringement of copyright. *Fourth Estate Public Benefit Corporation v. Wall-Street.com, LLC*, 139 S.Ct. 881 (2019); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010). Plaintiff has failed to show that he has met this prerequisite and, thus, the Complaint must be dismissed.

3. Plaintiff does not own a valid copyright.

4. Plaintiffs' actions if any are based strictly on state law for alleged breach of agreement. There is no subject matter jurisdiction.

5. NFSF's actions, if any, constitute Fair Use under Copyright Law.

6. By reason of Plaintiffs' conduct, they are estopped from asserting the claims contained in the Complaint.

7. The Complaint omits necessary or indispensable parties.

8. Plaintiffs are not entitled to statutory damages.

9. Defendants acted in good faith and without malice or willfulness.

10. Some or all of Plaintiffs' causes of action are time barred by the applicable statute of limitations.

11. Plaintiffs have not been diligent in protecting any of their alleged rights.

12. Plaintiffs' claims are barred by the doctrine of laches.

13. Plaintiffs' claims are barred by the doctrine of unclean hands.

14. NFSF is neither responsible nor liable in any way for the damages alleged by Plaintiffs.

15. If Plaintiffs have suffered any damages, they were not caused by any act or omission of NFSF.

16. If Plaintiffs have suffered any damages, it has been solely through their own fault or negligence or those of third parties.

17. NFSF has never executed any license agreement with any of the Plaintiffs.

18. The present action is barred by s 507(b) of the Federal Copyright Act of 1976 which provides that no civil action may be maintained under the Act unless the same is commenced within three (3) years in which the claim occurred.

19. Plaintiffs' alleged damages are excessive and unwarranted, nonexistent or grossly exaggerated.

20. Plaintiffs abandoned or assigned any copyrights they may have had.

21. Any averment not specifically admitted is hereby denied.

22. Defendants reserve the right to raise any other defenses that may arise from the discovery proceedings.

WHEREFORE, it is respectfully requested from this Honorable Court that, on the basis of the foregoing:

a) It dismisses the captioned Complaint, with prejudice, and order any other pronouncement which may be legally warranted;

b) That the Complaint be stayed until Plaintiffs file a certificate from the Copyright Office establishing that the allegedly infringed PharmaScan software corresponds to the software that was deposited with the Copyright Application of TXu-373435;

c) That Plaintiffs take nothing by way of this Complaint, and that judgment be rendered in favor of NFSF and against Plaintiffs;

d) That NFSF be awarded the costs incurred herein, including reasonable attorney's fees to the full extent recoverable by law; and

e) For such other and further relief as the Court my deem just and proper.

RESPECTFULLY SUBMITTED.

In Aguadilla for San Juan, Puerto Rico this 1st day of February 2021.

**FERRARI LAW, PSC**
Attorneys for Nuestra Farmacia San Francisco LLC

s/ *Carla Ferrari Lugo*
USDC-PR No. 221804
27 Calle Muñoz Rivera
Aguadilla, PR 00603
PO Box 988
Aguadilla, PR 00605-0988
(787) 891-4255
(787) 986-7493
ferraric@ferrarilawpr.com

Date: February 1, 2021

### NOTICE AND CERTIFICATE OF SERVICE

It is hereby certified that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to debtor's attorneys, the Office of the U.S. Trustee, and all participants of the CM/ECF system.

s/ *Carla Ferrari Lugo*
Carla Ferrari-Lugo