UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
:
D&Z AUCTION RESELLERS, LLC, *et al.*    :    Case No. 3:19-cv-01242-WGY
:
                Plaintiffs, :
:
:
                -against- :
:
:
MEDI-DATA CORPORATION, *et al.* :
:
                Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## DEFENDANT MICRO MERCHANT SYSTEMS'
## ANSWER AND AFFIRMATIVE DEFENSES

**TO THE HONORABLE COURT:**

Defendant Micro Merchant Systems ("MMS"), through its undersigned counsel, respectfully answers the Amended Complaint in this action as follows:

1. The allegations in Paragraph 1 constitute legal conclusions to which no response is required. MMS notes, however, that to the extent Paragraph 1 references Plaintiffs' claim under the Digital Millennium Copyright Act, the Court has dismissed that claim.

2. The allegations in Paragraph 2 constitute legal conclusions to which no response is required.

3. The allegations in Paragraph 3 constitute legal conclusions to which no response is required.

4. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 4 and therefore, denies them.

5. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 5 and therefore, denies them.

6. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 6 and therefore, denies them.

7. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 7 and therefore, denies them.

8. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8 and therefore, denies them.

9. MMS admits the allegations in Paragraph 9.

10. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 10 and therefore, denies them.

11. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 11 and therefore, denies them.

12. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 12 and therefore, denies them.

13. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 13 and therefore, denies them.

14. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 14 and therefore, denies them.

15. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 15 and therefore, denies them.

16. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 16 and therefore, denies them.

17. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 17 and therefore, denies them.

18. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 18 and therefore, denies them.

19. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 19 and therefore, denies them.

20. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 20 and therefore, denies them.

21. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 21 and therefore, denies them.

22. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 22 and therefore, denies them.

23. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 23 and therefore, denies them.

24. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 24 and therefore, denies them.

25. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 25 and therefore, denies them.

26. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 26 and therefore, denies them.

27. MMS denies the allegation in Paragraph 27 that Carlos Cortes is or was an employee of MMS. MMS otherwise currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 27 and therefore, denies them.

28. MMS denies the allegation in Paragraph 28 that Carlos Cortes is or was an employee of MMS. MMS otherwise currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 28 and therefore, denies them.

29. MMS denies the allegations in Paragraph 29.

30. MMS denies the allegations in Paragraph 30.

31. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 31 and therefore, denies them.

32. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 32 and therefore, denies them.

33. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 33 and therefore, denies them.

34. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 34 and therefore, denies them.

35. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 35 and therefore, denies them.

36. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 36 and therefore, denies them.

37. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 37 and therefore, denies them.

40. The allegations in Paragraph 40 constitute legal conclusions to which no response is required.[1]

---

[1] Note that the Amended Complaint, D.E. 106, does not contain numbered paragraphs 38 or 39. For ease of reference, the numbered paragraphs in this answer correspond to those in the Amended Complaint (i.e., they omit paragraphs 38 and 39).

41. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 41 and therefore, denies them.

42. MMS denies that it had access to Plaintiffs' software. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 42 as they relate to any other defendant.

43. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 43, and therefore, denies them.

44. MMS denies that it willfully and unlawfully reproduced plaintiffs' PharmaScan software. MMS currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 44 as they relate to any other defendant.

45. The allegations in Paragraph 45 constitute legal conclusions to which no response is required. MMS notes that the Court has dismissed Plaintiffs' DMCA claim.

46. The allegations in Paragraph 46 constitute legal conclusions to which no response is required. MMS notes that the Court has dismissed Plaintiffs' DMCA claim.

47. The allegations in Paragraph 47 constitute legal conclusions to which no response is required.

## PRAYER FOR RELIEF

Answering the Prayer for Relief and each paragraph therein, MMS denies the allegations and any implication that Plaintiffs' allegations have merit and that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiffs, MMS, as separate and distinct affirmative defenses to the Amended Complaint and all the claims alleged

therein, alleges as follows on information and belief:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim for copyright infringement, including because MMS did not copy any copyright-protected property of plaintiffs and because Plaintiffs have suffered no cognizable damages from the conduct alleged.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by the doctrine of fair use.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claim fails because its purported copyright on the program at issue in Amended Complaint is invalid or does not exist.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by the applicable statute of limitations and/or by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by the doctrine of copyright misuse.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by 17 U.S.C. § 117.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by the first sale doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by the doctrine of abandonment.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by the doctrine of implied license.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim is barred by the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim is barred by the doctrine of equitable estoppel.

MMS reserves the right to raise any other defenses that may arise out of discovery in this action.

**IT IS HEREBY CERTIFIED** that on this same date the foregoing was filed by uploading to the CM/ECF system, which will send automatic notices to the attorneys of record.

Dated: February 2, 2021

**GOLDMAN ANTONETTI & CÓRDOVA, LLC**
*Attorneys for Defendant Micro Merchant Systems*
P.O. Box 70364
San Juan, Puerto Rico 00936-8364
Tel: (787) 759-4141
Fax: (787) 474-2314

**/s/ EDGARDO COLÓN ARRARÁS**
Edgardo Colon Arraras
USDC-P.R. #126912
ecolon@gaclaw.com

**BALLARD SPAHR LLP**
Joseph Slaughter (admitted *pro hac vice*)
1675 Broadway, 19th Floor
New York, NY 10019
Tel: (646) 346-8028
Fax: (212) 223-1942
slaughterj@ballardspahr.com

*Attorneys for defendant Micro Merchant Systems*