UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| D&Z AUCTION RESELLERS, LLC AND GUSTAVO A. MORENO PONCE<br><br>Plaintiffs<br><br>v.<br><br>MEDI DATA CORPORATION, ET AL.<br><br>Defendants | CIVIL NO. 3:19-cv-01242 (WGY)<br><br>COPYRIGHT INFRINGEMENT; VIOLATION OF DIGITAL MILLENNIUM ACT; COMPUTER FRAUD AND ABUSE |

## **ANSWER TO AMENDED COMPLAINT**

TO THE HONORABLE COURT:

COME NOW, Súper Farmacia Rebeca, Inc., Maleza Express Pharmacy, Inc., Express Pharmacy, Inc., Gladys Vélez Morales D/B/A Súper Farmacia Familiar and Mildred Carrillo D/B/A Farmacia Ortega, through the undersigned attorney, and very respectfully state, allege and pray as follows:

NATURE OF ACTION, JURISDICTION AND VENUE

1. The allegations of Paragraph 1 are conclusions of law to which no responsive pleading is required. To the extent that a response is warranted, the allegations are denied.

2. The allegations of Paragraph 2 are conclusions of law to which no responsive pleading is required. To the extent that a response is warranted, the allegations are denied.

3. The allegations of Paragraph 3 are conclusions of law to which no responsive pleading is required. To the extent that a response is warranted, the allegations are denied.

## THE PARTIES

4. The allegations of paragraph 4 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading from the appearing defendants. To the extent that a response is warranted, the allegations are denied. It is affirmatively averted that pursuant to public records from the Puerto Rico Department of State, D&Z Resellers, LLC registry was cancelled on December 21, 2018.

5. The allegations of paragraph 5 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading. To the extent that a response is warranted, the allegations are denied. It is affirmatively averred that according to the U.S. Copyright Office, Application TXu000373435 relates to a computer file (code printout) titled *PharmaScan* filed by Gustavo Adolfo Moreno Ponce on June 5, 1989.

6. The allegations of paragraph 6 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading. To the extent that a response is warranted, the allegations are admitted upon information and belief.

7. The allegations of paragraph 7 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading. To the extent that a response is warranted, the allegations are denied for lack of sufficient information and/or knowledge with which to form a responsive pleading as to the veracity of same.

8. The allegations of paragraph 8 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading. To the extent that a response is warranted, the allegations are denied for lack of sufficient information and/or knowledge with which to form a responsive pleading as to the veracity of same. It is affirmatively averred that Genaro Durán provided services to Gustavo Moreno related companies.

9. The allegations of paragraph 9 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading. To the extent that a response is warranted, the allegations are admitted upon information and belief.

10. The allegations of paragraph 10 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading. To the extent that a response is warranted, the allegations are admitted upon information and belief.

11. The allegations of paragraph 11 of the Complaint are admitted.

12. The allegations of paragraph 12 of the Complaint are denied as drafted. It is affirmatively averred that Gladys Vélez Morales is a licensed pharmacist, who together with her spouse and the conjugal partnership between them, does business as, owns and operates a pharmacy by the name of Súper Farmacia Familiar located in Road 420, KM 0.4 Barrio Voladoras, Moca, Puerto Rico 00676.

13. The allegations of paragraph 13 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading. To the extent that a response is warranted, the allegations are admitted upon information and belief.

14. The allegations contained in paragraph 14 of the Complaint are admitted in part and denied in part. It is admitted that the pharmacies of the appearing defendants are located in Puerto Rico. As to the remaining mentioned codefendants the allegations

are denied for lack of sufficient information and/or knowledge with which to form a responsive pleading as to the veracity of same.

15. The allegations of paragraph 15 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading. To the extent that a response is warranted, the allegations are admitted upon information and belief.

16. The allegations of paragraph 16 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading. To the extent that a response is warranted, the allegations are denied for lack of sufficient information and/or knowledge with which to form a responsive pleading as to the veracity of same.

17. The allegations of paragraph 17 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading. To the extent that a response is warranted, the allegations are denied for lack of sufficient information and/or knowledge with which to form a responsive pleading as to the veracity of same.

## THE FACTS

18. The allegations of paragraph 18 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive. To the extent that a response is warranted, the allegations are denied for lack of sufficient information and/or knowledge with which to form a responsive pleading as to the veracity of same.  It is affirmatively averred that Gustavo Moreno has expressed being the creator and owner of the software titled *PharmaScan*.

19. The allegations of paragraph 19 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading. To the extent that a response is warranted, the allegations are denied for lack of sufficient

information and/or knowledge with which to form a responsive pleading as to the veracity of same. It is affirmatively averred that according to the U.S. Copyright Office, Application TXu000373435 relates to a computer file (code printout) titled *PharmaScan* filed by Gustavo Adolfo Moreno Ponce on June 5, 1989.

20. The allegations of paragraph 20 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading. To the extent that a response is warranted, the allegations are denied for lack of sufficient information and/or knowledge with which to form a responsive pleading as to the veracity of same.

21. The allegations of paragraph 21 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading. To the extent that a response is warranted, the allegations are denied for lack of sufficient information and/or knowledge with which to form a responsive pleading as to the veracity of same. It is affirmatively averred that Luis Durán Rivera and Genaro Durán provide or provided services to Gustavo Moreno related companies.

22. The allegations of paragraph 22 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading. To the extent that a response is warranted, the allegations are denied for lack of sufficient information and/or knowledge with which to form a responsive pleading as to the veracity of same.

23. The allegations of paragraph 23 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading. To the extent that a response is warranted, the allegations are denied for lack of sufficient information and/or knowledge with which to form a responsive pleading as to the veracity of same.

24. The allegations of paragraph 24 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading. To the extent that a response is warranted, the allegations are denied for lack of sufficient information and/or knowledge with which to form a responsive pleading as to the veracity of same.

25. The allegations of paragraph 25 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading. To the extent that a response is warranted, the allegations are denied for lack of sufficient information and/or knowledge with which to form a responsive pleading as to the veracity of same. It is affirmatively averred that Luis Durán did not contact the appearing defendants to offer such services.

26. The allegations of paragraph 26 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading. To the extent that a response is warranted, the allegations are denied for lack of sufficient information and/or knowledge with which to form a responsive pleading as to the veracity of same. It is affirmatively averred that Luis Durán did not contact the appearing defendants to offer or sell such services.

27. The allegations of paragraph 27 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading. To the extent that a response is warranted, the allegations are denied for lack of sufficient information and/or knowledge with which to form a responsive pleading as to the veracity of same.

28. The allegations of paragraph 28 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading. Furthermore, an answer is not required as the allegations refer to a cause of action that was dismissed

by this Court. To the extent that a response is warranted, the allegations are denied for lack of sufficient information and/or knowledge with which to form a responsive pleading as to the veracity of same.

29. The allegations of paragraph 29 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading. To the extent that a response is warranted, the allegations are denied for lack of sufficient information and/or knowledge with which to form a responsive pleading as to the veracity of same.

30. The allegations of paragraph 30 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading. To the extent that a response is warranted, the allegations are denied for lack of sufficient information and/or knowledge with which to form a responsive pleading as to the veracity of same.

31. The allegations contained in paragraph 31 of the Complaint are denied for lack of sufficient knowledge or information to form a belief about their truth regarding Nuestra Farmacia San Francisco. As to the appearing defendants, they are denied.

32. The allegations contained in paragraph 32 of the Complaint are denied for lack of sufficient knowledge or information to form a belief about their truth regarding Nuestra Farmacia San Francisco. As to the appearing defendants, it is affirmatively averred that at some point in time Luis Durán and Genaro Durán, employees or contractors of Gustavo Moreno and/or his companies, provided maintenance services to their pharmacies.

33. The allegations of paragraph 33 of the Complaint are denied for lack of specificity as to the referenced "license" and lack of sufficient information and/or knowledge with which to form a responsive pleading as to the veracity of same.

34. The allegations contained in paragraph 34 of the Complaint are denied for lack of sufficient knowledge or information to form a belief about their truth regarding Nuestra Farmacia San Francisco. As to the appearing defendants, the allegations are denied.

35. The allegations of paragraph 35 of the Complaint are denied for lack of sufficient knowledge or information to form a belief about their truth regarding Nuestra Farmacia San Francisco. As to appearing defendants, the allegations are denied.

36. The allegations of paragraph 36 of the Complaint are not addressed against the appearing defendants and thus, do not require a responsive pleading. To the extent that a response is warranted, the allegations are denied for lack of sufficient information and/or knowledge with which to form a responsive pleading as to the veracity of same.

37. The allegations of paragraph 37 of the Complaint do not require a responsive pleading. To the extent that a response is warranted, the allegations are denied for lack of sufficient information and/or knowledge with which to form a responsive pleading as to the veracity of same.

FIRST CAUSE OF ACTION<br>COPYRIGHT INFRINGEMENT

38. [OMITTED][1]

39. [OMITTED]

40. The allegations of paragraph 40 of the Complaint do not require a responsive pleading since it contains conclusions of law and not factual allegations to which an answer is required. To the extent that a response is warranted, the allegations are denied.

---

[1] The Amended Complaint [Dkt. No. 106] omitted paragraphs 38 and 39. For ease of reference, we are following the same paragraph numbering as the Amended Complaint.

41. The allegations of paragraph 41 of the Complaint do not require a responsive pleading since it contains conclusions of law. To the extent that a response is warranted, the allegations are denied. It is affirmatively averred that according to the U.S. Copyright Office, Application TXu000373435 relates to a computer file (code printout) titled *PharmaScan* filed by Gustavo Adolfo Moreno Ponce on June 5, 1989.

42. The allegations of paragraph 42 of the Complaint are denied as drafted for being vague, not identifying the referenced "software" and not stating the time, place and nature of the purported "access".

43. The allegations of paragraph 43 of the Complaint do not require a responsive pleading since it contains conclusions of law. To the extent that a response is warranted, the allegations are denied as to the appearing defendants.

44. The allegations of paragraph 44 of the Complaint do not require a responsive pleading since it contains conclusions of law. To the extent that a response is warranted, the allegations are denied as to the appearing defendants.

SECOND CAUSE OF ACTION
VIOLATION REGARDING CIRCUMVENTION OF
TECHNOLOGICAL MEASURES
17 U.S.C 1201

45. The allegations of paragraph 45 of the Complaint do not require a responsive pleading as they relate to a cause of action that was dismissed by the Court.

46. The allegations of paragraph 46 of the Complaint do not require a responsive pleading as they relate to a cause of action that was dismissed by the Court.

JURY DEMAND

47. The jury demand of paragraph 47 of the Complaint does not require a responsive pleading.

PLAINTIFF'S PRAYER FOR RELIEF

To the extent that the Prayer for Relief section of the Complaint is deemed to allege any facts or entitlements to the relief requested, the appearing defendants deny each and every allegation. Specifically, the appearing defendants deny that plaintiffs are entitled to any such relief.

AFFIRMATIVE DEFENSES

1. The appearing defendants reiterate and restates at length herein, their answers to the preceding paragraphs with the same force as if set forth here.
2. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.
3. The Complaint fails to state a claim for copyright infringement. To state a claim for copyright infringement, a plaintiff must allege ownership of a valid copyright and copying by a defendant. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The plaintiff must also <u>specifically</u> identify the copyrighted work at issue. *See Sharp v. Patterson*, 2004 WL 2480426, *12 (S.D.N.Y., Nov. 3, 2004); *Bespaq Corp. v. Haoshen Trading Co.*, 2005 WL 14841 (N.D. Cal. Jan. 3, 2005). And, because defendants must be given fair notice of claims asserted against them under FRCP 8, the plaintiff must <u>state the alleged infringing acts with specificity</u>. *Palmer Kane LLC v. Scholastic Corp.*, 2014 WL.
4. Plaintiffs' claims are barred in whole or in part by applicable statutes of limitations.
5. The Court lacks personal jurisdictions due to lack of proper service of process.
6. Plaintiffs' claims are barred to the extent the allegedly unlawful or infringing use of the works at issue was licensed or otherwise authorized by persons or entities with the right to license or authorize such use.

7. Plaintiffs abandoned or assigned any copyrights they may have had.

8. Plaintiffs' claims are barred by the doctrine of estoppel.

9. Plaintiffs' claims are barred by the doctrine of laches.

10. Plaintiffs' claims are barred or abated substantially by the doctrine of unclean hands.

11. Plaintiffs' claims fail in whole or in part to the extent they have suffered no damages.

12. Plaintiffs' prayer for statutory damages and attorney's fees under the Copyright Act is barred to the extent the copyrights in issue do not meet the registration requirements of the Copyright Act.

13. Plaintiffs failed to join indispensable parties.

14. Without any admission by the appearing defendants as to that plaintiffs suffered injury in any way, to the extent that plaintiffs did suffer such injury, their claims are barred in whole or in part because they failed to use reasonable means to prevent the alleged damage and failed to use reasonable means to mitigate their damages.

15. Plaintiffs are barred from recovery of damages or other relief to the extent that they or others failed to perform conditions precedent, concurrent or subsequent under pertinent agreements.

16. The appearing defendants have never entered into an agreement with plaintiffs.

17. If any act of infringement occurred, which is denied, it would be based on the actions and representations of third parties and not by the appearing defendants.

18. The Complaint fails to state any claims for statutory damages, attorneys' fees, actual damages, or lost profits.

19. The appearing defendants' actions constitute Fair Use under Copyright law.

20. The appearing defendants' conduct was innocent, non-infringing, and not a willful infringement of copyright.

21. The appearing defendants have never entered into a written agreement with plaintiffs Gustavo Moreno and/or D&Z Auction Resellers, LLC.

22. Plaintiffs have engaged in one or more acts that have misused their copyrights including but not limited to having wrongfully attempted to extend the scope of the limited monopoly granted by the Copyright Act. The appearing defendants reserve the right to assert one or more antitrust related claims.

23. Any damages actually suffered by Plaintiffs were not caused by any act or omission of the appearing defendants.

24. Any averment not specifically admitted is hereby denied.

25. The appearing defendants reserve the right to add or drop affirmative defenses or denials, as well as joining third parties, depending on the facts they obtain during formal and informal discovery, from their ongoing independent investigations, and/or which may become apparent during the course of this action.

   **WHEREFORE**, the herein appearing defendants respectfully request from this Honorable Court that:

   a. It enters judgment in their favor, dismissing the Complaint with prejudice;

   b. An award for attorney's fees, court costs, investigative costs and other expenses incurred by the appearing defendants in the defense of plaintiffs' Complaint be entered;

   c. And for such other and further relief as the Honorable Court may deem just and proper.

   **RESPECTFULLY SUBMITTED.**

   In San Juan, Puerto Rico, this 5th day of February 2021.

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**GARCÍA, APONTE & QUIÑONES, LLC**
954 Ponce de León Avenue
Miramar Plaza, Suite 702
San Juan, Puerto Rico 00908
Tel.  787-300-2811
Fax. 787-300-2814

s/Héctor J. Quiñones Inserni
Héctor J. Quiñones Inserni
USDC-PR NO. 222614
hq@gaqlaw.com