IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| D&Z AUCTION RESELLERS, LLC AND GUATVO A MORENO PONCE<br><br>Plaintiff<br><br>v.<br><br>MEDI DATA CORPORATION, ET ALS.<br><br>Defendants. | CIVIL NO. 19-1242 |

**ANSWER TO THE AMENDED COMPLAINT (DOC. 106)**

TO THE HONORABLE COURT:

COMES NOW co-defendant **MEDI DATA CORPORATION** through counsel, and respectfully alleges and prays as follows:

**NATURE OF ACTION, JURISDICTION AND VENUE**

1. Paragraph one (1) of the Complaint contains allegations that are legal conclusions to which no answer is required. In any event, said paragraph is denied.

2. Paragraph two (2) of the Complaint contains allegations that are legal conclusions to which no answer is required. In any event, said paragraph is denied.

3. Paragraph three (3) of the Complaint contains allegations that are legal conclusions to which no answer is required. In any event, said paragraph is denied.

**II.    THE PARTIES**

4. Paragraph four (4) of the Complaint is admitted as to plaintiff's, D&Z Auction Resellers, LLC that said entity is identified in the Department of State of the Commonwealth of

Puerto Rico under registration number 3113126. The rest of the paragraph is denied due to lack of information.

5. Paragraph five (5) is denied for lack of information to corroborate the allegation.

6. Paragraph six (6) is admitted.

7. Paragraph seven (7) is directed to another party and does not requires a responsive allegation from the herein appearing party, notwithstanding, Medi Data admits that Mr. Luis Durán Rivera is currently an employee of the corporation and has been since March 14, 2016.

8. Paragraph eight (8) is directed to another party and does not requires a responsive allegation from the herein appearing party, notwithstanding, Medi Data denies that Mr. Genaro Durán has ever been an employee of the corporation.

9. Paragraph nine (9) is directed to another party and does not requires a responsive allegation from the herein appearing party. If one is required, then is denied.

10. Paragraph ten (10) is directed to another party and does not requires a responsive allegation from the herein appearing party. If one is required, then is denied.

11. Paragraph eleven (11) is directed to another party and does not requires a responsive allegation from the herein appearing party. If one is required, then is denied.

12. Paragraph twelve (12) is directed to another party and does not requires a responsive allegation from the herein appearing party. If one is required, then is denied.

13. Paragraph thirteen (13) is directed to another party and does not requires a responsive allegation from the herein appearing party. If one is required, then is denied.

14. Paragraph fourteen (14) is directed to another party and does not requires a responsive allegation from the herein appearing party. If one is required, then is denied.

15. Paragraph fifteen (15) is directed to another party and does not requires a responsive allegation from the herein appearing party.  If one is required, then is denied.

16. Paragraph sixteen (16) is directed to another party and does not requires a responsive allegation from the herein appearing party.  If one is required, then is denied.

17. Paragraph seventeen (17) is directed to another party and does not requires a responsive allegation from the herein appearing party.  If one is required, then is denied.

## THE FACTS

18. Paragraph eighteen (18) is denied as drafted.  Medi-Data admits the existence of a software program under the name of PharmaScan, but denies the rest of the allegation for lack of knowledge or information to make a responsive allegation as to the features of said program.

19. Paragraph nineteen (19) is denied for lack of knowledge or information to make a responsive allegation.

20. Paragraph twenty (20) is denied for lack of knowledge or information to make a responsive allegation.

21. Paragraph twenty-one (21) is directed to another party and does not requires a responsive allegation from the herein appearing party.  If one is required, then is denied.

22. Paragraph twenty-two (22) is directed to another party and does not requires a responsive allegation from the herein appearing party.  If one is required, then is denied.

23. Paragraph twenty-three (23) is denied as drafted.  Medi Data admits that Mr. Luis Durán Rivera has been an employee of Medi Data since March 14, 2016.

24. Paragraph twenty-four (24) is directed to another party and does not requires a responsive allegation from the herein appearing party.  If one is required, then is denied.

25. Paragraph twenty-five (25) is denied.  It is affirmatively alleged that Mr. Durán is a system technician for Medi Data and does not serves as a salesman for Medi Data nor any of Medi Data products.

26.  Paragraph twenty-six (26) is denied. Medi Data affirmatively alleges that Mr. Durán has never served as a salesman for Medi Data, nor has Medi Data ever requested information to be decrypted or access illegally.

27.  Paragraph twenty-seven (27) is directed to another party and does not requires a responsive allegation from the herein appearing party.  If one is required, then is denied.

28.  Paragraph twenty-eight (28) is directed to another party and does not requires a responsive allegation from the herein appearing party.  If one is required, then is denied.

29.  Paragraph twenty-nine (29) is directed to another party and does not requires a responsive allegation from the herein appearing party.  If one is required, then is denied.

30.  Paragraph thirty (30) is directed to another party and does not requires a responsive allegation from the herein appearing party.  If one is required, then is denied.

31.  Paragraph thirty-one (31) is directed to another party and does not requires a responsive allegation from the herein appearing party.  If one is required, then is denied.

32.  Paragraph thirty-two (32) is directed to another party and does not requires a responsive allegation from the herein appearing party.  If one is required, then is denied.

33. Paragraph thirty-three (33) is denied for lack of knowledge and/or information to make a responsive allegation.

34.  Paragraph thirty-four (34) is directed to another party and does not requires a responsive allegation from the herein appearing party.  If one is required, then is denied.

35. Paragraph thirty-five (35) is directed to another party and does not requires a responsive allegation from the herein appearing party. If one is required, then is denied.

36. Paragraph thirty-six (36) is directed to another party and does not requires a responsive allegation from the herein appearing party. If one is required, then is denied.

37. Paragraph thirty-seven (37) is directed to another party and does not requires a responsive allegation from the herein appearing party. If one is required, then is denied.

38. Paragraph thirty-eight (38) has been omitted in the Amended Complaint (Doc. 106) and therefore requires no responsive pleading.

39. Paragraph thirty-nine (39) has been omitted in the Amended Complaint (Doc. 106) and therefore requires no responsive pleading.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

40. Paragraph forty (40) does not require a responsive allegation. If one is required is hereby denied. Medi Data has not reproduced any copyrighted work.

41. Paragraph forty-one (41) is denied for lack of knowledge or information as Medi Data does not know if Plaintiff's software is duly copyrighted before the US Copyright office.

42. Paragraph forty-two (42) is denied.

43. Paragraph forty-three (43) is denied. Medi Data has not obtained or access any information form third party that required prior permission from Plaintiff.

44. Paragraph forty-four (44) is denied.

## SECOND CAUSE OF ACTION
## VIOLATION REGARDING CIRCUMVENTION OF
## TECHNOLOGICAL MEASURES

45. Paragraph forty-five (45) is a legal citation and does not require a responsive allegation. If one is required, is denied.

46. Paragraph forty-six (46) is denied.

## JURY DEMAND

47. Paragraph forty-seven (47) does not require a responsive allegation.

## AFFIRMATIVE DEFENSES

1. Medi Data had Authorized Use to any and all programs and information that Plaintiff alleges was illegally Access or obtained.

2. Plaintiff has failed to Allege Sufficient Damages or Harm.

3. Plaintiff has failed to Establish Causation.

4. Any alleged violation plead was due to Intervening or Supervening Cause.

5. All services and software program related to Medi Data are of Independent Creation by third parties and are not in violation to any statute alleged in the Complaint.

6. Plaintiff alleged copyrighted work Lacks of Originality and thus is not protected by any statute.

7. Plaintiff's alleged software program has invalidly obtained copyrighted protection.

8. Plaintiff copyright protection was obtained by fraud or misinformation provided to the Copyright Office.

9. Medi-Data had fair use of any and all information that was access or provided by third parties.

10. Plaintiff has abandoned its copyright protection

11. Medi-Data has not infringed upon any copyrighted work. Alternatively, if a violation is found, it constitutes innocent infringement and no liability exists.

12. Any access or information obtained by Medi Data constitutes common source.

13. Plaintiff software program and alleged confidential information is considered public domain.

14. Misuse of copyright

15. Plaintiff has unclean hands.

16. Plaintiff provided third party license right to access and/or retain all information included in the software program or databases.

17. Laches.

18. Scènes à Faire.

19. Medi Data through a third-party provider uses a software program to serve the pharmacy industry and any use or access to plaintiff software program should be considered of de minimis use.

20. First Sale.

21. Reverse Engineering to Achieve Interoperability.

22. Commercially significant purpose or use.

23. Failure to allege facts sufficient to establish that defendant manufactured, imported, offered to the public, provided, or otherwise trafficked in a technology to circumvent a technological measure that effectively controls access to a work

24. Failure to allege improper access to a copyrighted work by Medi Data.

25. Exemption by the Librarian of Congress.

26. Failure to state a claim upon which relief can be granted under the applicable statutes.

27. Failure to file within the applicable statutes of limitations.

28. Abuse of Right.

29. Antitrust violations and misuse of monopoly power.

30. Failure to allege fraud with sufficient specificity.

31. Failure to allege requisite intent.

32. Freedom of speech.

33. Medi Data reserves its right to amend the Affirmative defenses pursuant any new allegation or information that arises of the Discovery process.

**WHEREFORE,** it is respectfully requested from this Honorable Court that Plaintiff's complaint be dismissed with prejudice and grant Medi Data costs and attorneys' fees.

I HEREBY CERTIFY that on this dater I electronically filed the foregoing motion with the Clerk of this Court using the CM/ECF system which will send notification of such filing to all parties.

In San Juan, Puerto Rico this 8th day of February 2021.

**RESPECTFULLY SUBMITTED.**

**PARTNERS LEGAL SERVICES, PSC**
PMB 767
1353, Ave. Luis Vigoreaux
Guaynabo, PR 00966
Tel: 787-758-3276
Email: erovira@partnerslegalservicespr.com

**S/ ERNESTO ROVIRA GANDARA**
**USDC NO. 223208**