IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| *D&Z AUCTION RESELLERS; GUSTAVO A. MORENO PONCE.*<br><br>Plaintiffs<br><br>v.<br><br>*MEDI DATA CORPORATION, ET ALS.*<br><br>Defendants | CIVIL NO. 3:19-cv-01242 (WGY)<br><br>COPYRIGHT INFRINGEMENT; VIOLATION OF DIGITAL MILLENNIUM ACT; COMPUTER FRAUD AND ABUSE |

**ANSWER TO THE AMENDED COMPLAINT**

**TO THE HONORABLE COURT:**

Comes now co-defendants Luis Durán Rivera and Genaro Durán Vélez, through the undersigned attorney, and respectfully states and prays:

NATURE OF ACTION, JURISDICTION AND VENUE

1. Paragraph one (1) of the Amended Complaint avers legal conclusions. Therefore, it does not require an answer. In the alternative, such paragraph is hereby denied.

2. Paragraph two (2) of the Amended Complaint avers legal conclusions. Therefore, it does not require an answer. In the alternative, such paragraph is hereby denied.

3. Paragraph three (3) of the Amended Complaint avers legal conclusions. Therefore, it does not require an answer. In the alternative, such paragraph is hereby denied.

## THE PARTIES

4. Paragraph four (4) of the Amended Complaint is admitted only insofar as to Plaintiff's D&Z Auction Resellers, LLC, are indeed registered as a corporation in the Department of State of the Commonwealth of Puerto Rico, with assigned number 3113126. All other averments in said paragraph are denied for lack of sufficient information to otherwise allege.

5. Paragraph five (5) of the Amended Complaint is denied for lack of sufficient information to otherwise allege.

6. Paragraph six (6) of the Amended Complaint is admitted.

7. Paragraph seven (7) of the Amended Complaint is admitted insofar co-defendant Luis Durán Rivera has been an employee of Medi Data Corp. since early 2016, and previously worked for companies owned by plaintiff Gustavo Moreno.

8. Paragraph eight (8) of the Amended Complaint is denied insofar co-defendant Genaro Durán Vélez has ever been an employee of Medi Data Corp.

9. Paragraph nine (9) of the Amended Complaint does not require an answer from the herein appearing party. In the alternative, it is denied.

10. Paragraph ten (10) of the Amended Complaint does not require an answer from the herein appearing party. In the alternative, it is denied.

11. Paragraph eleven (11) of the Amended Complaint does not require an answer from the herein appearing party. In the alternative, it is denied.

12. Paragraph twelve (12) of the Amended Complaint does not require an answer from the herein appearing party. In the alternative, it is denied.

13. Paragraph thirteen (13) of the Amended Complaint does not require an answer from the herein appearing party. In the alternative, it is denied.

14. Paragraph fourteen (14) of the Amended Complaint does not require an answer from the herein appearing party. In the alternative, it is denied.

15. Paragraph fifteen (15) of the Amended Complaint does not require an answer from the herein appearing party. In the alternative, it is denied.

16. Paragraph sixteen (16) of the Amended Complaint does not require an answer from the herein appearing party. In the alternative, it is denied.

17. Paragraph seventeen (17) of the Amended Complaint does not require an answer from the herein appearing party. In the alternative, it is denied.

## THE FACTS

18. Paragraph eighteen (18) of the Amended Complaint is admitted only insofar acknowledging the existence of the software program *PharmaScan*, The remaining averments are denied for lack of sufficient information to otherwise allege.

19. Paragraph nineteen (19) of the Amended Complaint is denied for lack of sufficient information to otherwise allege.

20. Paragraph twenty (20) of the Amended Complaint is denied for lack of sufficient information to otherwise allege.

21. Paragraph twenty-one (21) of the Amended Complaint is denied as drafted. It is hereby denied that appearing co-defendants have "access to hardware required for the operation and maintenance of the program in subscribing pharmacies."

22. Paragraph twenty-two (22) of the Amended Complaint is admitted.

23. Paragraph twenty-three (23) of the Amended Complaint is denied as drafted. It is only admitted insofar co-defendant Luis Durán Rivera has been an employee of Medi Data since early 2016.

24. Paragraph twenty-four (24) of the Amended Complaint is denied as drafted. It is hereby averred that co-defendant Luis Durán Rivera handed to Plaintiff Moreno all the software's access equipment, including security keys, upon his resignation and job termination.

25. Paragraph twenty-five (25) of the Amended Complaint is denied. It is affirmatively alleged that co-defendant Luis Durán Rivera is a system technician and therefore does not perform duties related to sales or marketing of software or products.

26. Paragraph twenty-six (26) of the Amended Complaint is denied. Co-defendant Luis Durán Rivera is a system technician for Medi Data; thus, he does not perform duties related to sales or marketing of software or products, and has never deployed encryption or otherwise performed illegal access of programs or information as part of his tasks or duties as an employee for Medi Data.

27. Paragraph twenty-seven (27) of the Amended Complaint is denied as drafted. It is a false averment that "Defendants Luis and Genaro Duran de-encrypted the data and transferred it to the clients' new servers […]". All the data managed by Medi Data -in the course of its businesses and services provisions- is extracted from reports made available by its own clients, to wit, the Pharmacies.

28. Paragraph twenty-eight (28) of the Amended Complaint is denied. It is hereby affirmed that co-defendant Luis Durán Rivera handed to Plaintiff Moreno all the software's access equipment, including security keys, upon his resignation and job termination.

29. Paragraph twenty-nine (29) of the Amended Complaint is denied as drafted and does not require an answer from the herein appearing party.

30. Paragraph thirty (30) of the Amended Complaint does not require an answer from the herein appearing party. In the alternative, it is denied.

31. Paragraph thirty-one (31) of the Amended Complaint does not require an answer from the herein appearing party. In the alternative, it is denied.

32. Paragraph thirty-two (32) of the Amended Complaint is denied as drafted. Moreover, it is denied for lack of sufficient information to otherwise allege, insofar as it is not clearly stated, and thus unknown, the meaning or contents of the "PharmaScan license agreement".

33. Paragraph thirty-three (33) of the Amended Complaint is denied for lack of knowledge or sufficient information to make a responsive allegation or averment.

34. Paragraph thirty-four (34) of the Amended Complaint does not require an answer from the herein appearing party. In the alternative, it is denied.

35. Paragraph thirty-five (35) of the Amended Complaint is denied as drafted.

36. Paragraph thirty-six (36) of the Amended Complaint does not require an answer from the herein appearing party. In the alternative, it is denied.

37. Paragraph thirty-seven (37) of the Amended Complaint does not require an answer from the herein appearing party. In the alternative, it is denied.

## FIRST CAUSE OF ACTION COMPUTER FRAUD AND ABUSE ACT

38. There is no Paragraph thirty-eight (38) numbered as such in the Amended Complaint.

39. There is no Paragraph thirty-nine (39) numbered as such in the Amended Complaint.

40. Paragraph forty (40) of the Amended Complaint does not require an answer from the herein appearing party. In the alternative, it is denied.

41. Paragraph forty-one (41) of the Amended Complaint does not require an answer from the herein appearing party. In the alternative, it is denied.

42. Paragraph forty-two (42) of the Complaint is denied as drafted. Moreover, it is denied for lack of sufficient information to otherwise allege, insofar as it is not clearly stated, and thus unknown, the meaning of "access to the software".

43. Paragraph forty-three (43) of the Complaint is denied as drafted.

44. Paragraph forty-four (44) of the Complaint is denied as drafted.

## SECOND CAUSE OF ACTION VIOLATION REGARDING CIRCUMVENTION OF TECHNOLOGICAL MEASURES

45. Paragraph forty-five (45) of the Complaint involves a question of Law and therefore does not require a responsive allegation from the herein appearing party. If one is required, it is expressly denied.

46. Paragraph forty-six (46) of the Complaint is denied.

## JURY DEMAND

47. Paragraph forty seven (47) of the Complaint involves a question of Law and therefore does not require a responsive allegation from the herein appearing party.

## AFFIRMATIVE DEFENSES

1. At all times relevant to the Amended Complaint, Plaintiffs authorized appearing Co-defendants to use any and all software and information pertinent to the case at hand. Moreover, co-defendant Luis Durán Rivera handed to Plaintiff Moreno all the software's access equipment, including security keys, upon his resignation and job termination.

2. Failure to allege sufficient damages or harm.

3. Failure to allege harm to a protected computer.

4. Failure to allege effect on Interstate Commerce.

5. Failure to establish causation.

6. Any alleged violation to any of the causes of action was due to intervening or supervening cause.

7. All services and software program germane to the Complaint are of independent creation by third parties and are not in violation to any statute alleged in the Complaint.

8. Plaintiff's alleged copyrighted work lacks of originality and thus is not protected by any statute.

9. Plaintiff's alleged software program has invalidly obtained copyrighted protection.

10. Plaintiff's copyright protection was obtained by fraud or misinformation provided to the Copyright Office

11. Co-defendants had fair use of any and all information that was access or provided by third parties.

12. Plaintiff abandoned its copyright protection

13. Co-defendants have not infringed on any copyrighted work; if otherwise, it should constitute innocent infringement and no liability should exists.

14. Any access or information obtained by co-defendants should constitute common source.

15. Plaintiff's software program and alleged confidential information is considered public domain.

16. Misuse of copyright.

17. Plaintiff has unclean hands.

18. Plaintiff provided third party license right to access and/or retain all information included in the software program or databases.

19. Failure to allege that co-defendants manufactured, imported, offered to the public, provided, or otherwise trafficked in a technology to circumvent a technological measure that effectively controls access to a work.

20. Failure to allege improper access to a copyrighted work.

21. Exemption by the Librarian of Congress.

22. Failure to state a claim upon which relief can be granted under the applicable statutes.

23. Failure to file within the applicable statutes of limitations.

24. Abuse of Right.

25. Antitrust violations and misuse of monopoly power.

26. Failure to allege fraud with sufficient specificity.

27. Failure to allege requisite intent.

28. Freedom of speech.

29. Any and all information in the databases of the software programs used by codefendant's pharmacies are not property of Plaintiffs; nor Plaintiffs have any right over said information.

30. Appearing co-defendants reserve their right to amend the Affirmative defenses pursuant to any new allegation or information that arises of the Discovery process.

WHEREFORE, it is respectfully requested from this Honorable Court that Plaintiff's complaint be dismissed with prejudice and grant appearing co-defendants costs and attorneys' fees.

I HEREBY CERTIFY that on this date I electronically filed the foregoing motion with the Clerk of this Court using the CM/ECF system which will send notification of such filing to all parties.

In San Juan, Puerto Rico this 17th day of February 2021.

**SO THAT JUSTICE IS SERVED, RESPECTFULLY SUBMITTED.**

/s/Ricardo Alfonso García
RICARDO ALFONSO GARCÍA
USDC-PR 216914
ralfonsogarcia@gmail.com
P.O. Box 361669, San Juan, P.R. 00936
Tel. (787) 467-1369